UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DARREN JOHNSON          Case No. 22-mc-51484
                                               Honorable Linda V. Parker

_____/

## OPINION AND ORDER DENYING MOTION FOR LEAVE TO FILE COMPLAINT AND APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING ACTION

Michigan prisoner Darren Johnson has moved to file a Complaint pursuant to 42 U.S.C. § 1983. Johnson also filed an application to proceed without prepaying fees or costs. In the proposed Complaint, Johnson alleges that four prison employees seized his legal papers. (ECF No. 2.) Johnson further alleges that he is "having chest pain from anxiety from trying to obtain his legal papers and being denied." (*Id*. at Pg ID 12.)

Before Johnson can pursue these claims, he must obtain this Court's permission. This is because a number of his prior federal lawsuits were dismissed as frivolous or for failure to state a claim, subjecting him to the "three strikes" provision of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(g); Op. & Order, *Johnson v. Coffelt*, No. 21-cv-12675 (E.D. Mich. Nov. 30, 2021), ECF No. 4 at Pg ID 93-94 (collecting Johnson's "frivolous" lawsuits as of that

date).¹ Pursuant to § 1915(g), Johnson may not bring a lawsuit unless he either pays the filing fee or shows he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, another judge in this District has enjoined Johnson from proceeding with any more civil cases in this District unless and until a district judge decides that the proposed new case "assert[s] an intelligible, non-frivolous claim[.]" Order, *Johnson v. Corr. Officer Schultz*, No. 22-cv-11056 (E.D. Mich. May 18, 2022), ECF No. 4.

"The imminent danger exception [in § 1915(g)] is essentially a pleading requirement subject to ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quotation marks, citation, and alteration removed). The plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Id.* (quotation marks, citation, and brackets removed). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

---

¹ That list did not include a case filed shortly before the order was filed, *Johnson v. Landfair*, No. 21-cv-12704 (E.D. Mich. Nov. 12, 2021). In 2022, alone, Johnson filed nine cases in addition to the current one.

Johnson does not allege facts to overcome § 1915(g)'s bar. He attempts to plead around the statute's limitations by asserting that the deprivation of his legal documents is causing chest pain from anxiety, which has worsened, "which will lead to more pain, heart attack, then death." (ECF No. 2 at Pg ID 12.) However, conclusory or clearly baseless allegations are "insufficient for purposes of the imminent-danger exception." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Courts have held that self-diagnosed conditions, without supporting medical evidence, are insufficient to show imminent danger. *See* Order, *Johnson v. Corr. Officer Carter*, No. 22-cv-10661 (E.D. Mich. May 11, 2022), ECF No. 5 at Pg ID 92 (citing *Emmett v. TDCJ-CID Corp.*, No. 6:20cv655, 2021 WL 1015836, at *2 (E.D. Tex. Jan. 4, 2021)); *see also Belval v. Burnside*, No. 5:17-cv-00133, 2017 WL 11609404, at *3 (M.D. Ga. Oct. 19, 2017) (collecting cases); *Kinard v. Dulaney*, No. 7:15cv00086, 2015 WL 1530656, at *2 (W.D. Va. Apr. 6, 2015) (holding that the plaintiff's self-diagnosed need for other forms of medical evaluation or aggressive treatment was insufficient to show imminent danger); *Hartley v. Ellis*, No. No. 3:09cv126, 2009 WL 2634208, at *4 (N.D. Fl. Aug. 25, 2009) (the plaintiff's "self-diagnosed condition of 'severe gross nerve damage'" failed to show imminent danger). Notably, Johnson has asserted similar allegations of "imminent danger of serious physical injury" in other

lawsuits filed after being subjected to the three-strike rule.  *See, e.g.*, Compl., *Johnson v. Serminski*, No. 22-cv-10660 (E.D. Mich. Mar. 22, 2022), ECF No. 1 at Pg ID (claiming "severe chest pain and anxiety" due to the defendant's taking of Johnson's food and Nike shoes); Compl., *Johnson v. Madery*, No. 22-cv-11304 (E.D. Mich. June 7, 2022) (claiming chest and head pains due to the confiscation of his legal mail).

For these reasons, the Court **DENIES** Johnson's motion for leave to file his Complaint and application to proceed without prepaying fees or costs.  Plaintiff may file his Complaint only if he pays the filing fee.

**SO ORDERED**.

                                              s/ Linda V. Parker  
                                              LINDA V. PARKER  
                                              U.S. DISTRICT JUDGE

Dated: January 11, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 11, 2023, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan  
                                              Case Manager