UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DARREN JOHNSON

Case No. 22-mc-51484
Honorable Linda V. Parker

_____/

## OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 6)

On January 11, 2023, the Court denied Movant Darren Johnson's motion to file a complaint in forma pauperis because Johnson has reached three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  (ECF No. 5.)  Johnson attempted to avoid this limitation by stating he was in imminent danger because the seizure of his legal papers, which was the origin of the lawsuit he wished to file, caused him anxiety, leading to chest pains.  (ECF No. 2 at Page ID. 12.)  The Court found that Johnson failed to meet the imminent danger exception to the three strikes rule.  (ECF No. 5 at PageID. 100); *see* 28 U.S.C. § 1915(g).  In denying Johnson's motion, the Court also noted that he had a history of lawsuits in which his claims of chest pain and anxiety failed to reach the imminent danger pleading requirement.  (ECF No. 5 at PageID. 101 (citation omitted).)

After the Court denied Johnson's motion for leave to file, he filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  (ECF

No. 6.) This Court is denying the Rule 59(e) motion for failure to meet the applicable legal standard.

"[A] court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999)). Johnson alleges that the Court's order denying his motion for leave to file "directly conflicts with Sixth Circuit Precedent." (ECF No. 6 at PageID. 102.) The Court therefore understands Johnson to be arguing a clear error of law.

Johnson's main argument is that the Court applied too harsh a standard of proof to his allegation of imminent danger from his anxiety. (ECF No. 6 at PageID. 102-03.) Johnson claims that under *Tucker v. Pentrich*, 483 F. App'x 28 (6th Cir. 2012), he need only "assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." (ECF No. 6 at PageID. 102 (quoting *Tucker*, 483 F. App'x at 30).) In the very next sentence, however, *Tucker* holds that such allegations "must show a threat that is real and proximate" and later states that assertions which are "conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker* 483 F. App'x at 30.

Johnson asserts that the seizure of his legal papers causes him anxiety leading to chest pain which could lead to a heart attack and death. (ECF No. 6 at PageID. 103.) Johnson claims that this is sufficient to meet the imminent danger standard to proceed in forma pauperis. *Id*. The Court addressed this issue in its motion to dismiss, however, citing previous court holdings that "self-diagnosed conditions, without supporting medical evidence, are insufficient to show imminent danger." (ECF No. 5 at PageID. 100 (citing *Johnson v. Corr. Officer Carter*, No. 22-cv-10661 (E.D. Mich. May 11, 2022) (citation omitted)).) The Sixth Circuit has advised that a 59(e) motion "may not be used to relitigate old matters." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127-28 (2d ed. 1995)).

For these reasons, the Court **DENIES** Johnson's motion to alter or amend judgment.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 13, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 13, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
